CABALLERO, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Caguas denegando la inscripción de una escritura de préstamo refaccionario e hipoteca.

No. 581.—Resuelto en febrero 15, 1924.

BIENES GANANCIALES; GRAVAMEN DE LOS—CONSENTIMIENTO EXPRESO DE LA ESPOSA—CRÉDITO REFACCIONARIO.—Para que pueda inscribirse un crédito refaccionario sobre frutos pendientes en finca ganancial, es necesario el consentimiento expreso de la esposa, el cual no queda suplido eficazmente con el mero hecho de su comparecencia en la escritura y manifestación de que la acepta y ratifica.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. R. Arce.*

El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Francisco Caballero presentó al registro, para su anotación en el libro de contratos agrícolas, una escritura de préstamo refaccionario e hipoteca, otorgada por los consortes Evaristo Sánchez González y Lucía Ayala, quedando gravadas a favor del primero para asegurar el pago del prés-

tamo, todas las plantaciones de tabaco que el deudor siembre en ciertas fincas que se describen en la escritura y de las cuales los esposos Sánchez-Ayala declaran ser dueños y poseedores.

La anotación fué denegada y el registrador funda su negativa por no constar en la escritura el consentimiento expreso de la esposa, que exige el artículo 159 del Código Civil.

El recurrente impugna la calificación del registrador bajo dos aspectos: el primero, alegando que un acto bien definido de administración es el que realiza el esposo arbitrando recursos para atender a la explotación de las fincas rústicas de la comunidad; y el segundo, porque si bien en la escritura no se contienen las palabras del estatuto, "el consentimiento expreso lo defirió la esposa en la forma que la ley exige," pues ella comparece en la escritura y en la cláusula final acepta y ratifica la misma.

No son cuestiones nuevas las planteadas por el recurrente y ambas habían sido ya consideradas y resueltas por esta Corte Suprema.

En este caso las plantaciones de tabaco quedaron gravadas para responder del crédito refaccionario y teniendo los frutos el carácter de inmueble y perteneciendo a la sociedad de gananciales, conforme disponen los artículos 335 párrafo 2 y 1316 del Código Civil, se hace indispensable el consentimiento expreso de la esposa para que el esposo pueda afectar los frutos radicados en fincas pertenecientes a la sociedad de gananciales: *Fajardo Sugar Co.* v. *Registrador,* 25 D. P. R. 189.

Estamos de acuerdo con el razonamiento del registrador en cuanto a los efectos de una mera aceptación, en casos como el presente, y de su alegato aprobamos lo siguiente:

"El recurrente cree que la mera aceptación en la forma expre-

sada es suficiente para cumplir lo preceptuado en el artículo 159 del Código Civil, y nosotros somos de opinión que no basta que en la escritura comparezca la esposa, sin que en ella se diga de una manera expresa que la esposa presta su consentimiento al contrato en los casos en que gravan o enajenan bienes inmuebles o derechos reales pertenecientes a la Sociedad de Gananciales, y que no es bastante a suplir el consentimiento expreso que exige el artículo 159 del Código Civil, el que el notario exprese que las partes aceptan el contrato; y así lo tiene determinado esta Honorable Corte Suprema en el caso de Fernández Pérez, recurrente, versus el Registrador de Caguas, 26 D. P. R. 740, en cuyo caso compareció en la escritura Juan Vázquez Ramos con su esposa Petronila Jiménez, e hipotecó el primero a favor de Ramón Fernández Pérez, una finca que pertenecía a la sociedad conyugal, sin que en la escritura constara de manera expresa el consentimiento de la esposa, a pesar de haber comparecido la esposa en la escritura, y esta Honorable Corte Suprema, dice así: Siendo ello así ha sido bien denegada la inscripción del derecho hipotecario constituído sobre la casa en cuestión, puesto que la esposa no ha dado su consentimiento expreso para la constitución de la hipoteca con sujeción a los artículos 159 y 1328 del Código citado. Y no basta que el notario consignara en la escritura que las partes la aceptan, pues tal manifestación no es bastante a suplir el consentimiento expreso ordenado por la Ley.''

Las citas que no obstante hace el recurrente se refieren al consentimiento tácito y ninguna aplicación tienen para este caso en donde la ley excluye toda clase de inferencias y sus palabras son mandatorias, por lo que debe interpretarse estrictamente y si es posible seguir sus propias o análogas palabras.

La nota debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.